United States District Court
Northern District of Alabama
Northeastern Division

98 MAY 18 AM 9:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

David King,           ]
                      ]
    Plaintiff(s),     ]
                      ]
    vs.               ]     CV-97-N-0101-NE
                      ]
Wal-Mart Stores, Inc., et ]
al.,                  ]
                      ]
    Defendant(s).     ]

ENTERED
MAY 18 1998

## Memorandum of Opinion

On April 16, 1998, the jury in this matter returned a verdict in favor of the plaintiff on his claim that the defendant discriminated against him by terminating his employment on account of his disability. The jury awarded him $16,500 in back pay but found he was not entitled to an award of either compensatory or punitive damages. To the extent there is any doubt regarding the role of the jury, vis-a-vis the court, in awarding back pay, the court finds that the plaintiff established his right to an award of back pay. The amount was stipulated by the parties.

The matter is now before the court on the plaintiff's request for equitable relief. Through counsel Mr. King more or less concedes that reinstatement is neither a practicable nor a viable means of relief. For example, he states that it is "extremely" unlikely that he could resume his employment on a fair and equitable basis. Instead of reinstatement, the plaintiff requests that he be awarded front pay for a period of 10 years at the rate



of $8,250.00 per annum. However, as the defendant has pointed out, Mr. King testified that he resumed full-time employment in January 1998.

The record is that Mr. King earned $5.75 per hour at the time of his termination. At forty hours per week, his gross annual earnings would have been $11,960.00. Defendant concedes that at his present employment he earns approximately $1200.00 less each year.

In the opinion of the court, Mr. King will in approximately three years be able to match his last earning at Wal-Mart and, for that reason, will award him front pay of $3,600.00.

The plaintiff's request for an award of interest on the back pay award will be denied for the reason that such an award would contravene the terms of the parties pretrial stipulation.

A judgment consistent with the jury verdict and this opinion will be entered.

Done, this 15th of May, 1998.

Edwin L. Nelson
United States District Judge